UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1958

CHRISTINE MARIE K. NDANGA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A95-241-729)

Submitted:  February 9, 2005              Decided:  March 1, 2005

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Edwin K. Fogam, Silver Spring, Maryland, for Petitioner.  Peter D.
Keisler, Assistant Attorney General, Michael P. Lindemann,
Assistant Director, Ethan B. Kanter, Senior Litigation Counsel,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Christine Marie K. Ndanga, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals affirming the immigration judge's denial of asylum, withholding of removal, or relief under the Convention Against Torture (CAT). By prior order, we granted the Attorney General's motion to dismiss the petition for review to the extent it sought review of the asylum claim. See 8 U.S.C. § 1158(a)(3) (2000) (providing no court has jurisdiction to review decision by the Attorney General that asylum application is untimely). Ndanga does argue that the Board erred in denying her withholding of removal and protection under the CAT.

"To qualify for withholding of removal, a petitioner must show that [s]he faces a clear probability of persecution because of [her] race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record and the decision of the immigration judge, we find that substantial evidence supports the Board's decision that Ndanga did not meet this burden.

We also conclude that Ndanga has failed to prove she is entitled to protection under the CAT by establishing it is more likely than not that she would be subjected to torture upon her return to Cameroon. Based on our review of the record, we find

that substantial evidence supports the Board's finding that Ndanga failed to sustain her burden of proof. See 8 C.F.R. § 1208.16(c)(2) (2004) ("The burden of proof is on the applicant . . . to establish that it is more likely than not that . . . [s]he would be tortured if removed to the proposed country of removal").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -